# Case No. 13,093.

## SMITH v. POOR et al.

### [3 Ware, 148.] [1]

### District Court, D. Maine. April, 1858.

CORPORATIONS — DIRECTORS—PERSONAL LIABILITY —ACTS—ULTRA VIRES—MISUSE AND ABUSE OF OFFICIAL POWERS—SUIT BY STOCKHOLDER.

1. The acts of the directors of a corporation in the transaction of its business, are the acts of the corporation. They bind the corporate body, but not themselves personally.

2. This is when they act within the limits and scope of the powers granted to the corporation. If they exceed these limits, their acts are their own and they are personally responsible, and not the corporation.

3. Generally a stockholder can maintain no action against the directors or other agents of the corporation for a misuse or abuse of their official powers, by which the corporate property is wasted. The injury in such a case is a single and indivisible injury to the corporation and not a several injury to each stockholder, and the remedy must be sought in a single suit by the corporation.

4. An exception is allowed when the acting directors fraudulently and by collusion refuse to institute a suit, or when they are the wrong doers. Then a suit in equity may be maintained against the directors by any of the stockholders suing for themselves and all the other stockholders.

5. It seems that a stockholder is not debarred from maintaining an action either against the directors or the corporation for a private and personal wrong to himself, and not a wrong to him as a stockholder, which can be maintained by a stranger.

This is a suit by [F. O. J. Smith] a stockholder of the York & Cumberland Railroad Company against the defendants [J. A. Poor and others], ten in number, seeking to charge them personally for certain alleged misdoings in the management of the business of the corporation as directors. The declaration sets forth that on the 12th of August, 1848, the company entered into a contract with John G. Myers and others to make part of the road; that on the 3d of January, 1850, this contract was modified by a supplemental agreement, and on the 5th of August, 1851, all the previous contracts were consolidated into one duly made and binding on the corporation; that four of these defendants afterwards, they being directors and constituting a majority of the board, well knowing these contracts and that they were obligatory on the corporation, disregarded and violated them, and particularly on the 15th of May, 1851, removed from office and from the employment of the company one Robinson, who by the terms of the contract was agreed upon and was entitled rightfully to act as chief engineer in the construction of the road, on the pretense that he made false estimates of the amount of work done by the contractors and refused to pay for the same, in consequence of which the work was stopped, the road left unfinished, and the company involved in expensive and ruinous litigation, so that the stock of the road was greatly depreciated and rendered wholly worthless, and the stockholders became liable for the debts of the company; and that afterwards on the 11th of November, 1851, the other defendants, claiming to be directors and acting as such in their official capacity, ratified and confirmed all these misdoings and thus made themselves jointly responsible with the others. To this declaration there was a general demurrer.

---

[1] [Reported by George E. Emery, Esq.]

Mr. Smith, pro se.
Mr. Evans, for defendants.

WARE, District Judge. The demurrer for the purposes of this hearing admits the truth of the facts alleged, but denies their sufficiency to maintain the action. This is an action by a stockholder against the directors for negligence and misconduct in the management of the affairs of the corporation. The general rule is that the acts done by the officers of a corporation are the acts of the corporation itself. A corporation aggregate is merely an artificial person without any natural organs of action and can act only through the instrumentality of natural persons. The old and primitive rule of the common law was that it could only speak and act by its common seal, but even this must be affixed to the paper or parchment by a natural person acting as its agent. 2 Kent, Comm. 222; 2 Bl. Comm. 472. The law or charter from which it derives its existence, points out who these agents shall be, usually as in this case, a board of directors. It is only through these that it can exercise the powers and faculties with which it is clothed by the law. One of these faculties is that of acquiring rights and coming under obligations by means of contracts. But these contracts are made through the instrumentality of the directors or other authorized agents, though when made they are the contracts of the corporation; all the rights and obligations which result from them accrue to the corporation and not to the instruments by which they are made. The agent is the mere conduit-pipe or the electric wire by which the corporate sanction passes into the contract. These contracts thus made are also performed or violated through the instrumentality of agents. The violation or breach of the contract is just as much an act of the corporation as the making of it or carrying it into execution. All the rights acquired by the contract inure to the benefit of the corporation, and all the liabilities resulting from its breach rest upon it. The agents by which these are effected are equally strangers to the rights and responsibilities. Such is the familiar and well-established doctrine of the law.

On principle, then, it is not easy to see how the directors can be liable to this action. They are the mere instruments of the corporation both in making and breaking the contracts. And the decisions of the courts are in conformity with this theory. Ang. & A. Corp. c. 9, §§ 311, 312. Nor, as I understand the plaintiff's argument, does he controvert the general doctrine. He relies on a distinction to take his case out of it. While the directors act within the scope and limits of the powers granted to the corporation, it is not denied that as its general agents, their acts bind the corporate body, but do not bind themselves personally. But when they go beyond those powers and do acts not authorized by the charter, then their acts bind themselves and do not bind the corporation. And on this distinction the plaintiff seeks to hold the directors personally responsible in this action. Id. c. 9.

The question then arises, whether the case comes within the distinction. The act complained of is a breach on the part of the directors of a contract binding on the corporation, and damages are sought for the loss and injury resulting from it. But this was an act done under color of official authority; for the directors act officially as much in violating a contract as in making and carrying it into execution. They were not, therefore, acting beyond the scope of their power, but only exercising it wrongfully; it may be from an error of judgment, or it may be wantonly and maliciously. It was at most an abuse of their authority, and not a usurpation of ungranted power. Such an abuse of power may be a wrong done to their principal, and if wantonly done they will be answerable for every loss or damage resulting to the corporation. But it is not the less the act of the corporation and binding upon it in relation to third persons. The injury done to such parties is an injury done by the corporation, and the corporate body is alone responsible. See Ang. & A. Corp. c. 9, §§ 311, 312, and the authorities therein cited. This would be an answer to the action if it were by a stranger. But in this case the plaintiff sues as a stockholder for an injury not peculiar to himself but common to all the stockholders; that is, an injury or damage to the common corporate property. The case is unlike that put at the argument of the directors using a patented article, of which a stockholder is the patentee. The injury in such a case is not done to him as a stockholder but as a patentee. It is an illegal and fraudulent appropriation of his private property. It may be admitted that for such a wrong a stockholder would not be debarred of any remedy either against the company or directors; that would be open to a stranger, for it is as such that he sues, and nothing is more common in law than for a person to have a right of action in one character which he cannot maintain in another, as a trustee, executor, or administrator. The plaintiff's right of action in such a case does not grow out of his relations to the company. But in the case at bar the wrong complained of is peculiarly a wrong to the corporation. It is the common corporate property that has been depreciated. The injury to the plaintiff is derivative and secondary, and affects him so far only as he is entitled to a share of that property. In such a case a suit for any neglect or misfeasance of the directors or other officers of the corporation must be against the company and not against the individual wrong doers. Smith v. Hurd, 12 Metc. [Mass.] 371; Smith v. Poor, 40 Me.

415. A stockholder cannot maintain an action against the treasurer of the company for wrongfully withholding from him a dividend, for the treasurer acting under color of office, his act is the act of his principal. The rule of law in such a case is respondeat superior. French v. Fuller, 23 Pick. 108. To prevent a failure of justice, and for that cause only, an exception is made to the general rule when the directors, by collusion, refuse to prosecute, or when they are themselves the persons charged with the neglect or misfeasance. Then any of the stockholders may file a bill in equity against them, in their own behalf and in behalf of all the other stockholders, and in this case the corporation as the party having the legal and direct interest, must be brought before the court as a party defendant. Robinson v. Smith, 3 Paige, 233, per Walworth, Ch. But this is a suit at law and if it can be maintained every stockholder may, for the same reason, have his separate action, and a door be opened to an indefinite multiplicity of suits.

The case of Smith v. Poor, recently decided by the supreme court of this state, in one of its aspects bears a very close analogy to the case at bar. There the plaintiff sued the directors as a contractor for a breach of contract; and also for loss and damage sustained by him as a stockholder, for alleged fraudulent acts done by them under color of official authority. The court ruled that in neither aspect could the action be maintained; that for official misconduct of the directors the company was alone responsible to a stranger. And that an individual corporator, who has suffered damage, even in a private contract, by the misconduct or fraud of the director acting colore officii can maintain no action personally against them, but his only remedy is against the corporation. The present case is even stronger against the plaintiff than that. In that the injury set forth was substantially personal and private to himself. Here it is primarily and peculiarly an injury to the artificial or ideal person of the corporation. In strict and technical law the corporation is the only party injured, and the plaintiff and other stockholders suffer wrong and damage only as component parts and members of this ideal personality. Technically, also, the injury is simple and entire, a unity, and not several to the members and component parts, and as the injury is an entirety the remedy cannot be apportioned, but must be by a single suit; and in the excepted cases where the stockholders may maintain an action personally against the directors, all must unite, either actually or virtually, in the suit.

This demurrer is filed by one of the defendants, and it was contended at the argument that it may be sustained on grounds that are peculiar to himself. I have not thought it necessary to consider these, as my opinion is that it is good, on grounds equally applicable to all. The demurrer adjudged good.